**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MILWAUKEE BRUSH MANUFACTUR-ING COMPANY, Respondent.**

**No. 81–3063.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1982.

Decided April 20, 1983.*

Lawrence E. Blatnik, Elliott Moore-N.L. R.B., Washington, D.C., for petitioner.

Renee Johnson, Foley & Lardner, Milwaukee, Wis., for respondent.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and SWYGERT, Senior Circuit Judge.

PER CURIAM.

In this case the National Labor Relations Board seeks enforcement of its bargaining order against the Milwaukee Brush Manufacturing Company, issued as a result of the Board's determination that the company had refused to bargain with and furnish information to the United Steelworkers of America, the union certified as the exclusive collective bargaining representative of the company's employees, in violation of sections 8(a)(1) and 8(a)(5) of the Labor Management Relations Act, 29 U.S.C. §§ 158(a)(1), 158(a)(5) (1976).

In June 1979 a majority of the company's employees voted to affiliate with the United Steelworkers in place of the Brush Makers, their former representative, which had negotiated a collective bargaining agreement due to expire on January 26, 1980. When the company refused to recognize or bargain with the Steelworkers in January 1980, the union filed a representation petition with the Board, and an election was conducted. Thirty-six votes were cast for the union and thirty-one against it. Three ballots were challenged, an insufficient number to affect the result.

The company filed objections to the election, seeking to set aside the result on the grounds that union agents or adherents had (1) threatened employees with physical harm and property damage; (2) threatened employees with loss of employment if they did not support the union; (3) engaged in

* This appeal was originally decided by unreported order on November 29, 1982. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

surveillance of eligible voters; (4) made material misrepresentations of fact under circumstances that precluded effective rebuttal; and (5) engaged in last-minute electioneering on the company's premises. After a hearing ordered by the Board's regional director, the hearing officer issued a report recommending that the objections be overruled and a certification order be issued. A supplemental report, ordered by the Board to resolve a conflict in the testimony concerning an alleged threat, reaffirmed that conclusion. Thereafter the Board overruled the company's exceptions to the reports and adopted the hearing officer's recommendations to certify the union.

The company then refused to furnish certain information requested by the union in preparation for contract negotiation and to bargain with the union. The union filed unfair labor practice charges, and a complaint issued. In the subsequent unfair labor practice proceeding the company defended its actions by renewing its objections to the validity of the election. The Board again overruled these objections, holding that the issues raised by the company in the unfair labor practice case were or could have been litigated in the prior representation proceedings, and that the company had neither offered to submit any newly discovered or previously unavailable evidence, nor alleged the existence of any special circumstances that would require the Board to reexamine its decision. The Board further found that no material issue of fact existed with regard to the union's post-certification request for information or the company's refusal to honor that request, and that such information is presumptively relevant for purposes of collective bargaining. Accordingly, the Board concluded that the company violated sections 8(a)(1) and 8(a)(5) of the Act by refusing to bargain with the union as the certified representative of its employees and by refusing to furnish the union with the requested information.

Our review of the record and briefs convinces us that the Board's decision was justified. Its conclusion that the statements and actions alleged by the company to constitute unlawful threats, electioneering, and surveillance were not coercive is a finding of fact that depended largely on determinations of the credibility of witnesses. Review of such determinations is especially limited. *Cf. Marshall v. Lonberger,* —— U.S. ——, ——, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983). Because substantial evidence for the Board's findings was elicited at hearings during which the issues were fully developed (unlike *NLRB v. Janler Plastic Mold Corp.,* 82 L.R.R.M. (BNA) 2174, 2176 (7th Cir.1972) (per curiam), on which the company relies), we may not disturb its conclusion. We need not scrutinize the Board's further conclusion that the election was not invalidated by last-minute, material misrepresentations, for the Board no longer considers such misrepresentations to be cause to set an election aside, and has indicated that this new rule will be applied retroactively. *Midland National Life Insurance Co.,* 263 N.L.R.B. No. 24, at 21 n. 24 (1982). The Board's order therefore shall be

Enforced.