NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

KRAFCOR CORPORATION, Respondent.

No. 82–2068.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1983.

Decided July 28, 1983.

Paul W. King, Ellis, King & Ellis, Springfield, Mo., for respondent.

Carol A. De Deo, Mendelssohn V. McLean, Attys., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Before JOHN R. GIBSON and GEORGE G. FAGG, Circuit Judges, and HENRY WOODS,* District Judge.

WOODS, District Judge.

This case is before the Court on an application for enforcement of an order of the National Labor Relations Board issued pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e). The dispute involves a successful attempt by the Teamsters to unionize the respondent Krafcor's maintenance, warehouse and trucking employees. Of the seventy votes cast in the election, 37 were for the Union and 33 were opposed to certification. Krafcor filed timely objections to the election which were reviewed and overruled by the Regional Director, whose recommendations were then approved by a three-member panel of the Board. To obtain judicial review Krafcor refused to bargain with the Union. The Board, on the General Counsel's motion for summary judgment, directed Krafcor to recognize the Union as a bargaining agent for its employees. Respondent Krafcor objects to this order and in doing so attacks various acts of the Union which occurred during the election process.

It is well settled that election results may not be lightly set aside. The party challenging the outcome of the election bears the burden of producing evidence sufficient to mandate a result different from that obtained through the casting of ballots. As has been stated in this Circuit, ". . . that burden is a heavy one, requiring the objecting party to show by specific evidence not only that improprieties occurred, but also that they interfered with employees' exercise of free choice to such an extent that they materially affected the election results." *Beaird-Poulan Division, Emerson Elec. Co. v. NLRB,* 649 F.2d 589, 592 (8th Cir.1981).

The propriety of the Board's decision is, in this court, determined by a finding that the conclusions of the Board are supported by substantial evidence. We, therefore, must first examine the factual findings and the recommendations made by the Regional Director. *Beaird-Poulan v. NLRB, supra.*

In the first section of objections, Krafcor alleges that the Union, in a letter dated two days prior to the election, misrepresented facts concerning union wage rates and pension benefits, union strikes, and wage and benefit increases obtained by the Union at other companies.

The Regional Director reviewed Krafcor's charges in considerable detail. In doing so he applied the standards enunciated in *General Knit of California,* 239 N.L.R.B. 619 (1978) and *Hollywood Ceramics Company, Inc.,* 140 N.L.R.B. 221 (1962). The petitioner, National Labor Relations Board suggests that we should abandon the tests set down in *Hollywood Ceramics* in favor of retroactive application of the rule

---

* Henry Woods, United States District Judge, Eastern District of Arkansas, sitting by designation.

adopted in *Midland National Life Ins. Co.,* 263 N.L.R.B. No. 24 (1982) and *Shopping Kart Food Market, Inc.,* 228 N.L.R.B. 1311 (1977).[1] Since we conclude that the decision of the Regional Director is correct under the standards of *Hollywood Ceramics,* we find it to be unnecessary at this time to determine whether *Midland* should be applied retroactively.[2]

According to *Hollywood Ceramics,* election results will not be disturbed unless there has been a substantial departure from the truth made at such a time that an effective reply is impossible. The misrepresentations must involve issues of some import and must be of such a nature that the outcome of the election is affected.

■ Krafcor made approximately fifteen specific objections to the representations made by the Union in its election eve letter. The Regional Director carefully reviewed each objection and gathered facts both in support and in contradiction of the statements. We have thoroughly scrutinized these findings and can find only two statements by the Union which the Director concluded were totally erroneous. The first incorrect statement was made concerning the date of a strike at two other plants. While the Union admitted that this statement was not correct, the statement of wage increases in the current contracts was correct as to both

amount and time.[3] We agree with the Director's conclusion that the employees were capable of evaluating both employer and union statements concerning these strikes and that in the totality of circumstances there was not a substantial misrepresentation.

In another admittedly erroneous statement, the Union claimed that *Krafcor* drivers were not compensated for breakdown or dock time. According to the Union this statement was based upon information supplied by employees. Again, we agree with the Director that this was not a substantial misrepresentation. Indeed, as the Director noted, the employees themselves were thoroughly acquainted with Krafcor's compensation policies and were fully capable of determining the accuracy of the statement.

■ Although Krafcor made numerous other objections, the Director found the statements in the impugned letter to be substantially correct. For example, the respondent objects to the statement that workers at a union plant receive a pension of $795.00 at the age of 60. Admittedly, this amount represented the maximum attainable; however, there is no standard which would prohibit the Union's presentation of itself in the most advantageous light. Krafcor attacks the claim that a new

---

1. Under the *Hollywood Ceramics* test an election will be set aside if there has been a misrepresentation which involves a substantial departure from the truth which prevents the other party from making an effective reply and which misrepresentation may reasonably be expected to have a significant impact on the election. Misrepresentations are disregarded which concern "an unimportant matter," along with statements "so extreme as to put the employees on notice of lack of truth," and those where "employees possessed independent knowledge with which to evaluate the statements." *Hollywood Ceramics Co., Inc.,* 140 N.L.R.B. 221, 224 (1962). Under the *Midland* test, which the Board now embraces, it will decline to probe into the truth or falsity of the parties' campaign statements, but will instead recognize and rely on employees as mature individuals who are capable of recognizing campaign propaganda for what it is and discounting it. For example, the Board will intervene in instances where a party has engaged in deceptive campaign practices improperly involving the Board and its

processes or the use of forged documents which render the voters unable to recognize the propaganda for what it is. The Board's focus will be on the deceptive manner in which representations are made rather than the substance of the representation. *Midland National Insurance Co.,* 263 N.L.R.B. No. 24 (1982).

2. The Seventh Circuit has decided to apply the *Midland* decision retroactively. *National Labor Relations Board v. Milwaukee Brush Manufacturing,* 705 F.2d 257 (7th Cir.1983). At oral argument Krafcor's counsel conceded that the retroactive application of *Midland* would be fatal to respondent's contentions on the misrepresentation issue.

3. There were strikes at two other companies in 1977. The Union gave 1980 as the date of those strikes and claimed that the 1980 contract benefits resulted therefrom. Contracts were secured as a result of the 1977 strikes and some provisions therein were carried over into the 1980 agreement.

agreement at another company resulted in wage increases of $2.90 an hour, when one classification out of thirty received a lesser amount. This is campaign advocacy which does not rise to the level of a material misrepresentation.

In applying the test of *Hollywood Ceramics,* we find that any misrepresentations were *de minimis* and did not pass the bounds of permissible campaign rhetoric. Untrue last-minute claims on the part of the Union capable of materially affecting the outcome of the election are the type of infractions prohibited by *Hollywood Ceramics.* The language employed here is an integral part of the election process and is as available to the employer as it is to the union.

■ Krafcor's second objection involves alleged threats of physical violence attributed to the Union's agents and employees. Specifically, a black employee was the object of racial slurs and was told that the Union would eliminate blacks in the work force; an employee was threatened with loss of benefits if the Union was made a bargaining representative; and one employee was threatened with physical harm if he failed to support the Union. After making detailed findings, the Regional Director concluded that the Union did not authorize or condone the incidents. He further found that the disputes were of the type and magnitude that normally occur between employees who adopt opposing views. We are in substantial agreement with the Director's findings and hold that the Board's reliance upon the Director's recommendations was supported by substantial evidence. *Beaird-Poulan Division, Emerson Electric Co. v. NLRB, supra.*

■ Even though the Regional Director addressed each objection specifically and made detailed individual findings, the respondent argues that the totality of the objectionable conduct requires that the election be set aside. Since the Regional Director found an absence of substantial misrepresentations and further found that the alleged threats did not have a significant impact on the election, we cannot say that cumulatively these individual incidents marred the election. The respondent has not shown a pattern of improper conduct which had a substantial impact on the election. *Melrose Wakefield Hospital Association v. NLRB,* 615 F.2d 563 (1st Cir.1980).

■ Finally, it is suggested by Krafcor that the Board erred in deciding the General Counsel's motion for summary judgment without giving the petitioner an opportunity to be heard. We agree with the Board that a hearing was not warranted by the issues raised herein.

The Board's order herein is enforced in full.